UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

CHRISTOPHER E. BROWN,
an individual,

               Plaintiff,

vs.

GREEN 317 MADISON, LLC,
a Delaware Limited Liability Company,
and
THE RIESE ORGANIZATION, INC.,
a New York Corporation,
d/b/a T.G.I FRIDAY'S,

               Defendants.

-------------------------------------------------------------x

**JURY TRIAL NOT/DEMANDED**

**Index No. 1:11-cv-04466 (ENV) (CLP)**

**ECF CASE**

## FIRST AMENDED COMPLAINT

      Plaintiff, CHRISTOPHER E. BROWN, through his undersigned counsel, hereby files this First Amended Complaint and sues GREEN 317 MADISON, LLC, a Delaware Limited Liability Company, and THE RIESE ORGANIZATION, INC., a New York Corporation, d/b/a T.G.I FRIDAY'S, for damages, declaratory and injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA"), the New York Civil Rights Law, N.Y. Civ. Rights § 40  et seq., and N.Y. Exec. § 296(2)(a) and alleges:

## JURISDICTION AND PARTIES

1.      This is an action for damages, declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"),  the New York Civil Rights Law, N.Y. Civ. Rights § 40  et seq., and N.Y. Exec. § 296 et seq.  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331

and 1343 and pendant and supplemental jurisdiction over state law claims that are alleged herein pursuant to 42 U.S.C. § 1367, et seq.

2.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3.    Plaintiff, CHRISTOPHER E. BROWN, (hereinafter referred to as "MR. BROWN"), is a resident of the State of New York.

4.    MR. BROWN suffers from Arthrogryposis, which causes him to be confined to a wheelchair. The condition also causes atrophy in his arms, hands, shoulders and elbows, which makes it extremely difficult to reach for, grip and manipulate objects.

5.    Due to the disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6.    Upon information and belief, the Defendants GREEN 317 MADISON, LLC, a Delaware Limited Liability Company, and THE RIESE ORGANIZATION, INC., a New York Corporation, d/b/a T.G.I. FRIDAY'S, (hereinafter collectively referred to as "DEFENDANTS") are the owners, lessees and/or operators of the real property and improvements which are the subject of this action, to wit: the "Property," located at 47 East 42nd Street, New York, New York 10017.

7.    All events giving rise to this lawsuit occurred in the Southern District of New York.

<u>**COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**</u>

8.    Plaintiff realleges and reavers Paragraphs 1 - 7 as if they were expressly restated herein.

9.    The Property is a place of  public accommodation, subject to the ADA, located at 47 East 42nd Street, New York, New York 10017.

10.    MR. BROWN has visited the Property generally located at 47 East 42nd Street, New York,

New York 10017, numerous times.  Prior to filing this action, MR. BROWN last visited the Property in July, 2011.  TGI Friday's is one of Plaintiff's favorite chain restaurants and he enjoys eating the Jack Daniels Chicken and other dishes on various occasions.

11.    During his visits, MR. BROWN experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein in Paragraph 14 of this First Amended Complaint.

12.    MR. BROWN continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 15 which still exist.  Plaintiff intends to return to the Defendant's restaurant approximately once every three months or so and has immediate plans to return there this December when he does his holiday shopping in the area.

13.    MR. BROWN intends to and will visit the Property to utilize the goods and services in the future, but fears that he will face the same barriers to access as discussed herein.

14.    Plaintiff's daily commute and other activities frequently take him to the immediate vicinity of Defendants' Property, which is located in the Grand Central Station area.  Plaintiff resides in Queens and works in numerous locations throughout Manhattan, Queens and Long Island.  His commute often times includes taking the "7" subway train which goes to Grand Central.  Additionally, Plaintiff frequently uses Grand Central to take the Metro North to NY Yankees games.  Finally, Plaintiff has a weekly medical appointment in the One Grand Central Place building right across the street from the Defendants' Property.

15.    Defendants are in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et seq. and are discriminating against the Plaintiff due to, but not limited to, their failure to provide and/or correct, the architectural barriers to access below, which were personally encountered

3

by and which hindered Plaintiff's access to the Property:

    A.    Inaccessible entrance due to excessive slope with no level landing at the doorway.  Additionally, the entrance door is extremely heavy to open for a person in a wheelchair;

    B.    inaccessible restrooms due to lack of proper grab bars, lack of adequate clear floor space in the stall designated for disabled use, amenities out of reach range for a person in a wheelchair, improper placement of toilets, sinks and other fixtures and lack of pipe insulation under the sinks;

    C.    inaccessible bar area due to failure to provide a ramp at the stairs to reach the bar.  In addition, the bar counter itself is located at excessive height for use by a person in a wheelchair;

    D.    inaccessible dining areas due to steps with no alternate accessible routes or ramps.

16.    Furthermore, the Defendants continue to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17.    Specifically, during his last pre-filing visit to the Property, MR. BROWN was not provided accessible table service due to his disability.  He was seated at a high table which was

difficult to use and, after complaining to a manager and requesting a more accessible table, he was ejected from the restaurant before his main course was served.

18.     To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

19.     Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

20.     Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

21.     Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

22.     The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendants pursuant to 42 U.S.C. § 12205.

## COUNT II-VIOLATION OF NEW YORK CIVIL RIGHTS LAW

23.     Plaintiff hereby incorporates by reference all allegations contained in all preceding paragraphs of this First Amended Complaint as if they were expressly set forth herein.

24.     Defendants operate a business establishment dealing with goods and/or services within the jurisdiction of the State of New York and, as such, are obligated to comply with the provisions of the NYSHRL, N.Y. Exec. Law section 290 et seq.

25.     The conduct alleged herein violates the ADA.

26.     The conduct alleged herein violates the NYSHRL.

27.     The NYSHRL states that "[i]t shall be an unlawful discriminatory practice for any . . . owner . . . of any place of public accommodation, . . .because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof[.]" N.Y. Exec. Law. section 296(2)(a).

28.     The Defendants have violated the NYSHRL by, *inter alia*, denying Plaintiff the accommodations, advantages, facilities or privileges offered by Defendants, by refusing to make reasonable modifications to accommodate disabled persons.

29.     In doing the acts and/or omission alleged herein, Defendants wrongfully and unlawfully denied access to their facilities to individuals with disabilities.

30.     The Defendants have further violated the NYSHRL by being in violation of the rights provided under the ADA.

31.     Plaintiff visited Defendants' Property numerous times and encountered architectural barriers as described herein.

32.     By maintaining architectural barriers and policies that discriminate against people with disabilities through the actions described above, Defendants have, directly or indirectly, refused, withheld, and/or denied to Plaintiff, because of his disability, the accommodations, advantages, facilities or privileges thereof provided by Defendants.  Failure on the part of Defendants, as a reasonable and prudent public accommodation, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of Defendants.

33.     Plaintiff  has been damaged and will continue to be damaged by this discrimination as more

6

fully set forth above.

34.     Plaintiff prays for judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

## THIRD COUNT III-VIOLATION OF NEW YORK'S CIVIL RIGHTS LAW §40-c

### (N.Y. Civ. Rights §§ 40-c and 40-d)

35.     Plaintiff hereby incorporates by reference all allegations contained in all preceding paragraphs of this First Amended Complaint as if they were expressly set forth herein.

36.     As owners and/or operators of a place of public accommodation within the jurisdiction of the State of New York, Defendants are obligated to comply with the provisions of the NYSCRL, N.Y. Civ. Rights section 40 et seq.

37.     The conduct alleged herein violates the NYSCRL.

38.     Plaintiff has complied with the notice requirements of N.Y. Civ. Rights section 40-d as notice of this action was served upon the attorney general prior to initiating suit.

39.     Section 40-c of the NYSCRL states that "[n]o person shall, because of . . . disability . . . be subjected to any discrimination in his or her civil rights . . . by any firm, corporation or institution[.]"

40.     The Defendants have violated the NYSCRL section 40-c, *inter alia*, by subjecting Plaintiff as a person with a disability, to discrimination in his civil rights.

41.     The Defendants have further violated the NYSCRL by being in violation of the rights provided under the ADA.

42.     This has resulted in a cognizable injury to Plaintiff.

43.     Plaintiff has been damaged and will continue to be damaged by this discrimination as more

fully set forth above.

44.     Plaintiff prays for judgment pursuant to N.Y. Civ. Rights section 40-d, including minimum

statutory damages, and all other relief allowed by law.

WHEREFORE, the Plaintiff demands judgment against DEFENDANTS, and requests the following

injunctive and declaratory relief:

A.     That the Court declares that the Property owned, leased and/or
operated by DEFENDANTS is in violation of the ADA;

B.     That the Court enter an Order directing DEFENDANTS to alter the
Property to make it accessible to and useable by individuals with
disabilities to the full extent required by Title III of the ADA;

C.     That the Court enter an Order directing DEFENDANTS to evaluate
and neutralize their policies and procedures towards persons with
disabilities for such reasonable time so as to allow to undertake and
complete corrective procedures.

D.     That the Court award reasonable attorney's fees, costs (including
expert fees), and other expenses of suit, to the Plaintiff; and

E.     That the Court award such other and further relief as it deems
necessary, just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
Attorneys for Plaintiff
12250 Biscayne Blvd., Suite 406
Miami, FL 33181
Tel: (305) 891-1322
Fax: (305) 891-4512

8

By: /s/ Olivia D. Rosario
KU & MUSSMAN, P.A.
Attorney for Plaintiff
Olivia D. Rosario (OR5730)
Law Office of Olivia D. Rosario
*Of Counsel*
111 Broadway, Suite 1801
New York, New York 10006
T: (212) 349-1836; F: (212) 349-9149

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of November, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and electronic notice was issued to:

James M. Woolsey, III, Esq.
Landman Corsi Ballaine & Ford P.C.
120 Broadway
27th Floor
New York, NY 10271
*Attorneys for Defendant Green 317 Madison, LLC*

James P. Rosenzweig, Esq.
Attorney At Law
560 Fifth Avenue
3rd Floor
New York, NY 10036
*Attorneys for Defendant The Riese Organization, Inc.,*

By: /s/ Olivia D. Rosario
Olivia D. Rosario (OR5730)

9